UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BERNARD SAVERIMUTTU,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | No. 2:25-cv-00956 WBS AC<br><br><u>ORDER DENYING DEFENDANT FORD MOTOR COMPANY'S MOTION FOR SUMMARY JUDGMENT</u> |

----oo0oo----

Defendant Ford Motor Company moves for summary judgment on plaintiff's Song-Beverly Consumer Warranty Act claims, arguing that the claims are barred because plaintiff's truck is not a "new motor vehicle" under the Act. (Def.'s P. & A. at 6 (Docket No. 12-10).) The argument fails.

Defendant is correct that the Act generally does not permit breach-of-warranty claims against a manufacturer when the plaintiff purchased the product used. <u>See</u> Cal. Civ. Code § 1791 (defining "consumer goods" as "any <u>new</u> product or part thereof"

(emphasis added)); id. § 1795.5(a) (obligating "the distributor or retail seller making express warranties with respect to used consumer goods (and not the original manufacturer . . . making express warranties with respect to such goods when new)" to maintain service and repair facilities (emphases added)). For used goods, therefore, "the manufacturer is generally off the hook." Rodriguez v. FCA US LLC, 17 Cal. 5th 189, 201 (2024) (quoting Kiluk v. Mercedes-Benz USA, LLC, 43 Cal. App. 5th 334, 339 (2019)).

The Act, however, permits manufacturer liability when the manufacturer "issued a new warranty or played a substantial role in [selling] a used good." Id. at 202 (citing, inter alia, Kiluk, 43 Cal. App. 5th at 339-40). A manufacturer who does so has "stepped into the role of a retailer," and is therefore covered by the Act's used-goods provisions. Kiluk, 43 Cal. App. 5th at 340 (holding § 1795.5 covered manufacturer who "partnered with a dealership to sell used vehicles directly to the public by offering an express warranty as part of the sales package").

Likewise here, as defendant's own evidence and admissions show.[1] Defendant admits that plaintiff bought his

[1] Plaintiff objects to the evidence attached to defendant's reply brief on relevance, hearsay, and authentication grounds. (Objs. (Docket No. 15).) Such objections on summary judgment are rarely meritorious. Relevance objections, in particular, "are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" Sandoval v. Cnty. of San Diego, 985 F.3d 657, 665 (9th Cir. 2021) (quoting Burch v. Regents of the Univ. of Cal., 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006)). So too for hearsay and authentication objections, provided that the evidence "can be presented in a form that would be admissible at trial." Id. at 666; Harlow v. Chaffey Cmty. Coll. Dist., No. 21-55349, 2022 WL 4077103, at *1 (9th Cir. Sept. 6, 2022) (quoting Fed. R. Civ. P.

truck "certified pre-owned."[2] (Opp'n Ex. P at 37-38, 82 (Docket No. 13-19).) Defendant also does not dispute that only authorized Ford dealerships may sell certified pre-owned Ford vehicles. (Reply Ex. F at 4 (Docket No. 14-7).) As for the warranty itself, defendant admits that plaintiff's vehicle was sold with a "Certified Pre-Owned ('CPO') vehicle warranty statement."[3] (Opp'n Ex. P at 38.) The vehicle's service contract records a "Warranty Start Date" of "03/16/2024," the day when plaintiff purchased his truck. (Mot. Ex. C at 5-6 (Docket No. 12-4).) Notably, Ford's logo is in this contract's top-right corner. (Id. at 5.) Defendant's warranty database, moreover, lists two "extended coverage" contracts formed on plaintiff's purchase date. (Mot. Ex. F at 2-3 (Docket No. 12-7).)

A claim survives summary judgment if, viewing the

---

56(c)(2)).

[2] Citing two cases from the Central District of California, defendant argues that certified pre-owned warranties cannot be "new car warrant[ies]" under the Act. Crescencio v. Ford Motor Co., 811 F. Supp. 3d 1132, 1137 (C.D. Cal. 2025); Dubrosky v. Am. Honda Motor Co., No. 2:24-CV-09153-HDV-AS, 2025 WL 2451031, at *9 (C.D. Cal. Aug. 13, 2025). Those courts, however, did not consider § 1795.5(a) or Rodriguez's positive treatment of Kiluk. Rodriguez, 17 Cal. 5th at 201. Their reasoning is thus unpersuasive.

[3] An exhibit attached to defendant's reply brief indicates that plaintiff bought the vehicle "AS IS - NO DEALER WARRANTY." (Reply Ex. C at 20 (Docket No. 14-4).) Plaintiff objects on timeliness grounds. The court will not consider new evidence attached to a reply brief "without giving the [opposing party] an opportunity to respond." Glass v. Asic N., Inc., 848 F. App'x 255, 257 (9th Cir. 2021) (quoting Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996)). Here, because the document refers only to the absence of a dealer warranty rather than a manufacturer's warranty, it supports a plaintiff-favoring inference. The objection is therefore overruled.

evidence in the nonmovant's favor, a reasonable jury could find for the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Here, the evidence supports a reasonable inference that defendant "issued a new warranty or played a substantial role" in selling plaintiff's truck. Rodriguez, 17 Cal. 5th at 201; see also Hutchinson v. Ford Motor Co., No. BC666024, 2025 WL 1422438, at *3 (Cal. Super. May 2, 2025) (characterizing "[w]hether the CPO warranty issued from the manufacturer and whether the manufacturer partnered with the dealer" as factual questions).

First, a reasonable trier of fact could find that the service contract was a new warranty issued by defendant in partnership with the dealership. See Gavaldon v. DaimlerChrysler Corp., 32 Cal. 4th 1246, 1259 (2004) (holding labeling a service contract a warranty subjects the warrantor to Song-Beverly Act obligations). The other contract in defendant's database also supports that inference. Second, a reasonable trier of fact could find that Ford's oversight of its certified pre-owned program substantially involved it the sale of plaintiff's truck. The record therefore contains enough evidence for the claim to survive summary judgment.

Defendant nonetheless contends that the complaint omits the manufacturer-cum-retailer theory, and "parties cannot assert unpled theories for the first time at the summary judgment stage." (Reply at 2 (Docket No. 14).) Therefore, it argues, plaintiff has violated the notice pleading rules. Id. However, defendant confuses legal theories for factual allegations. Plaintiff must only "plead facts sufficient to show that [his]

claim has substantive plausibility." Johnson v. City of Shelby, 574 U.S. 10, 12 (2014) (emphasis added). "A complaint need not pin plaintiff's claim for relief to a precise legal theory." Skinner v. Switzer, 562 U.S. 521, 530 (2011); see also Morse v. Cnty. of Merced, No. 1:16-CV-00142 DAD SKO, 2016 WL 3254034, at *6 (E.D. Cal. June 13, 2016) ("Notice pleading requires the plaintiff to set forth in his complaint claims for relief, not causes of action, statutes or legal theories." (quoting Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2008))).

Here, plaintiff's argument supplies a legal theory for the claim already alleged, rather than changing the claim's factual basis. Plaintiff alleged that he purchased the vehicle subject to defendant's warranty "to preserve or maintain [its] utility or performance . . . or to provide compensation if there was a failure in such utility or performance." (Compl. ¶¶ 4, 8 (Docket No. 1-2).) He then claimed that defendant is a "'manufacturer' and/or 'distributor' under the [Song-Beverly] Act." (Id. ¶ 13.) Those allegations gave defendant fair notice. Plaintiff is permitted to then develop the legal theory creating liability under those facts. See Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1038 (9th Cir. 2016) (holding argument based on adjacent statutory subsection omitted from complaint to be "a more precise and accurate framing of [plaintiff's] original allegation," not "a new claim"). Accordingly, plaintiff's theory can sustain his claim.

IT IS THEREFORE ORDERED that defendant Ford Motor Company's motion for summary judgment (Docket No. 12) be, and the same hereby is, DENIED.

Dated: October 27, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE